UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADEWALE EBENEZER JONES,

    Plaintiff,

v.                                                   Case No. 8:25-cv-2595-TPB-NHA

NOVA SOUTHEASTERN
UNIVERSITY, INC.,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS CASE;
DENYING PLAINTIFF'S SECOND MOTION FOR PRELIMINARY
INJUNCTION; AND DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS**

This matter is before the Court on numerous motions and responses. After reviewing the motions, responses, court file, and the record, the Court finds as follows:

### Background[1]

This case, like a prior case, arises from Plaintiff Adewale Ebenezer Jones' time at Nova Southeastern University Kiran C. Patel College of Osteopathic Medicine. The factual background set out in Plaintiff's complaint is rambling and often confusing. It appears that in June or July of 2022, he was admitted to the medical school. According to Plaintiff, he was wrongfully dismissed from medical

---

[1] The Court accepts as true the facts alleged in Plaintiff's complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

school "on false academic grounds despite nonacademic SPC trials," and the university did not follow due process for his dismissal. He also claims that Defendant failed to address his repeated reports of harassment, mistreatment, and discrimination.

## Analysis

### *Defendant's Motion to Dismiss and Incorporated Memorandum of Law*

Defendant seeks dismissal of this action based on *res judicata*, arguing that these issues were either raised or could have been raised in Plaintiff's prior case.

In Case No. 8:25-cv-121-TPB-AAS, Plaintiff raised substantially similar or identical allegations related to his time at and dismissal from Nova Southeastern. On August 5, 2025, the Court granted a motion to dismiss, dismissing Plaintiff's amended complaint with leave to amend to correct numerous identified deficiencies. Plaintiff was specifically directed to file his amended complaint on or before August 26, 2025. He failed to do so. Accordingly, on August 27, 2025, the Court entered an order explaining that when a plaintiff misses a deadline to amend without seeking an extension of time, the dismissal order becomes a final judgment. *See* (Doc. 52) (citing *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir. 2020)). Plaintiff was specifically advised that he was not precluded from filing an appeal, moving to alter or amend the judgment, or moving for relief from the final judgment.

Plaintiff instead sought leave to amend. *See* (Doc. 55). The Court explained that it could not extend the deadline to amend at that time because Federal Rule of

Civil Procedure 6(b)(1)(B) does not permit a postjudgment extension of time to amend a complaint. *See* (Doc. 56) (citing *Auto. Alignment*, 953 F.3d at 720-21). Plaintiff then elected to appeal. *See* (Docs. 57; 61).

Rather than wait for the result of his appeal, it appears that Plaintiff decided to file a new case raising substantially similar or identical claims related to his time at and dismissal from Nova Southeastern. This is a procedurally improper attempt to litigate the same dispute already in progress.

"The doctrine of *res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ardis v. Anderson*, 662 F. App'x 729, 730-31 (11th Cir. 2016) (quoting *Dixon v. Bd. of Cnty. Com'rs Palm Beach Cnty., Fla.*, 518 F. App'x 607, 609 (11th Cir. 2013). For *res judicata* to apply, the following four conditions must be present: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in persons for or against whom [the] claim is made." *Id.* (alteration in original) (quoting *Muhammad v. Sec'y, Fla. Dept. of Corrections*, 739 F.3d 683, 688 (11th Cir. 2014)).

The Court's dismissal order in Case No. 8:25-cv-121 became a final judgment through Plaintiff's failure to amend. "And, once final, the judgment becom[es] *res judicata* both as to the claim alleged and to any other claims that might have been asserted." *Diaz v. Moore*, 861 F. Supp. 1041, 1048 (N.D. Fla. 1994). Importantly, the dismissal remains *res judicata* pending a decision on the appeal. *See Jaffree v. Wallace,* 837 F.2d 1461, 1467 (11th Cir. 1988) (per curiam); *United States ex rel.*

*Burr v. Blue Cross and Blue Shield of Florida, Inc.*, 153 F.R.D. 172, 175 (M.D. Fla. 1994).

In Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 14, 15, 16, 17, and 18, Plaintiff's amended complaint sets forth claims that Plaintiff either brought or could have brought in the first lawsuit against this same Defendant based on the same common nucleus of operative facts. Therefore, *res judicata* bars these claims, and they are dismissed, without leave to amend.

The only claims that appear to be "new" – that is, to have arisen after the events complained of in the initial lawsuit – are Plaintiff's claims in Counts 10, 11, 12, and 13 related to records requested under the Family Educational Rights and Privacy Act ("FERPA"). But the U.S. Supreme Court has determined that FERPA does not provide a private right of action for a plaintiff. *See Gonzaga University v. Doe*, 536 U.S. 273, 276 (2002) ("We hold such an action foreclosed because the relevant provisions of FERPA create no personal rights to enforce under 42 U.S.C. § 1983[.]" ); *Ruiz v. Ringling College of Art and Design, Inc.*, 656 F. Supp. 3d 1340, 1352 (M.D. Fla. 2023) (noting that FERPA does not create a private right of action). And Plaintiff cannot create a private right of action by artful pleading and attempting to assert his claims as RICO claims or § 1983 claims. After all, the *Gonzaga* case specifically examined the viability of a § 1983 claim based on an alleged FERPA violation and determined there was no available cause of action. *See Gonzaga*, 536 U.S. at 276. To the extent Plaintiff seeks compliance with FERPA, such relief lies exclusively with the United States Department of

Education.  Plaintiff's FERPA-related claims in Counts 10, 11, 12, and 13 are therefore dismissed with prejudice.

### *"Plaintiff's Reasserted and Second Renewed Emergency Motion for Preliminary Injunction"*

Following the denial of a prior motion for preliminary injunction, Plaintiff moves for a preliminary injunction for a second time.  Specially, he seeks reinstatement to the medical school, a "clean academic transcript and letter of good standing reflecting no disciplinary action," and delivery of a complete FERPA and Title IX file within 48 hours.

To obtain a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020).  "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

The Court has already denied Plaintiff's original request for a preliminary injunction.  *See* (Doc. 13).  In light of the Court's dismissal of the amended complaint without leave to amend, Plaintiff cannot demonstrate a substantial likelihood of success on the merits.  In fact, he cannot demonstrate *any* likelihood of

success on the merits.  The second motion for a preliminary injunction is therefore denied.

***"Plaintiff's Motion for Sanctions Against Defendant and Counsel for Bad-Faith Motion to Dismiss [D.E. 21]" and "Plaintiff's Motion for Sanctions Against Defendant for Bad-Faith Opposition"***

Plaintiff moves for sanctions against Defendant for filing what he contends is a frivolous motion to dismiss and a bad faith response in opposition to his motion for a preliminary injunction.  These requests are denied.  Both the motion to dismiss and response in opposition are not only procedurally proper but are legally and factually meritorious.  The Court warns Plaintiff that a frivolous sanctions motion can result in sanctions against the moving party under Rule 11 of the Federal Rules of Civil Procedure.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss and Incorporated Memorandum of Law" (Doc. 21) is **GRANTED**, as set forth herein.

2. The amended complaint (Doc. 11) is **DISMISSED WITHOUT LEAVE TO AMEND,** as set forth herein.

3. "Plaintiff's Reasserted and Second Renewed Emergency Motion for Preliminary Injunction" (Doc. 20) is **DENIED**.

4. "Plaintiff's Motion for Sanctions Against Defendant and Counsel for Bad-Faith Motion to Dismiss [D.E. 21]" (Doc. 27) and "Plaintiff's Motion for

Sanctions Against Defendant for Bad-Faith Opposition" (Doc. 28) are **DENIED**.

5. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of January, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE